CARLIE CHRISTENSEN, United States Attorney (#0633)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

FILED
U.S. DISTRICT COURT

2010 DEC -1  P 3: 27

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:09 CR 838 CW |
|---|---|---|
| Plaintiff, | : | **SECOND SUPERSEDING INDICTMENT** |
| vs. | : | |
| ANTONIO CARDENAS, | : | VIO. 18 U.S.C. § 2241(c), Aggravated Sexual Abuse of a Child, |
| | : | VIO. 18 U.S.C. § 2251(a), |
| Defendant. | : | Production of Child Pornography, |
| | : | VIO. 18 U.S.C. § 2252A(a)(2) and (b), Distribution of Child Pornography. |
| | : | |
| | : | Honorable Clark Waddoups |

The Grand Jury charges:

### COUNT I
(18 U.S.C. § 2241(c))
(Aggravated Sexual Abuse of a Child)

On a date unknown to the Grand Jury between June 2005 and July 2006 in the

1

Central Division of the District of Utah and elsewhere,

ANTONIO CARDENAS,

defendant herein, crossed a state line with intent to engage in a sexual act, to wit, did intentionally touch, not through clothing, the genitalia of Child A (D.O.B. 01/08/97), a child under the age of 12 years old, and attempted to do so; all in violation of 18 U.S.C. § 2241(c).

### COUNT II
(18 U.S.C. § 2241(c))
(Aggravated Sexual Abuse of a Child)

On or about April 20, 2003, in the Central Division of the District of Utah and elsewhere,

ANTONIO CARDENAS,

defendant herein, crossed a state line with intent to engage in a sexual act, to wit, did intentionally touch, not through clothing, the genitalia of Child B (D.O.B. 12/02/94), a child under the age of 12 years old, and attempted to do so; all in violation of 18 U.S.C. § 2241(c).

### COUNT III
(18 U.S.C. § 2251(a))
(Production of Child Pornography)

Beginning sometime after May 1, 2004 and continuing until February 28, 2009, in the Central Division of the District of Utah,

ANTONIO CARDENAS,

defendant herein, did knowingly, employ, use, persuade, induce, entice and coerce a minor, Child A, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendant ANTONIO CARDENAS, knew or had reason to know such visual depiction would be transported across state lines and in foreign commerce, by any means including the internet, and which visual depictions were mailed and actually transported across state lines and in foreign commerce, by any means including the internet, and such visual depictions were produced using materials that had been mailed, shipped, and transported across state lines and in foreign commerce by any means; all in violation of 18 U.S.C. § 2251(a).

## COUNT IV
(18 U.S.C. § 2251(a))
(Production of Child Pornography)

Beginning sometime after June 2002 and continuing until June 2004, in the Central Division of the District of Utah,

ANTONIO CARDENAS,

defendant herein, did knowingly, employ, use, persuade, induce, entice and coerce a minor, Child C (D.O.B. 02/28/94), to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendant ANTONIO CARDENAS, knew or had reason to know such visual depiction would be transported

across state lines and in foreign commerce, by any means including the internet, and which visual depictions were mailed and actually transported across state lines and in foreign commerce, by any means including the internet, and such visual depictions were produced using materials that had been mailed, shipped, and transported across state lines and in foreign commerce by any means; all in violation of 18 U.S.C. § 2251(a).

## COUNT V
(18 U.S.C. § 2251(a))
(Production of Child Pornography)

Beginning sometime after June 2002 and continuing until June 2004, in the Central Division of the District of Utah,

ANTONIO CARDENAS,

defendant herein, did knowingly, employ, use, persuade, induce, entice and coerce a minor, Child D (D.O.B. 07/01/96), to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendant ANTONIO CARDENAS, knew or had reason to know such visual depiction would be transported across state lines and in foreign commerce, by any means including the internet, and which visual depictions were mailed and actually transported across state lines and in foreign commerce, by any means including the internet, and such visual depictions were produced using materials that had been mailed, shipped, and transported across state lines and in foreign commerce by any means; all in violation of 18 U.S.C. § 2251(a).

4

## COUNT VI
(18 U.S.C. § 2251(a))
(Production of Child Pornography)

Beginning sometime after June 2002 and continuing until June 2004, in the Central Division of the District of Utah,

ANTONIO CARDENAS,

defendant herein, did knowingly, employ, use, persuade, induce, entice and coerce a minor, Child E (D.O.B. 10/12/96), to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendant ANTONIO CARDENAS, knew or had reason to know such visual depiction would be transported across state lines and in foreign commerce, by any means including the internet, and which visual depictions were mailed and actually transported across state lines and in foreign commerce, by any means including the internet, and such visual depictions were produced using materials that had been mailed, shipped, and transported across state lines and in foreign commerce by any means; all in violation of 18 U.S.C. § 2251(a).

## COUNT VII
(18 U.S.C. 2252A(a)(2) and (b))
(Distribution of Child Pornography)

Beginning on a date unknown to the Grand Jury and continuing until January 10, 2010 in the Central Division of the District of Utah,

ANTONIO CARDENAS,

5

defendant herein, did knowingly distribute any child pornography, as defined in 18 U.S.C. § 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; all in violation of 18 U.S.C. § 2252A(a)(2) and (b).

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

CARLIE CHRISTENSEN,
United States Attorney

_____
CAROL A. DAIN
Assistant United States Attorney

6