JOHN W. HUBER, United States Attorney (#7226)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111-2176
Email:  carol.dain@usdoj.gov
Telephone:  (801) 524-5682  •  Facsimile:  (801) 524-3399

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:09-CR-00838  CW |
|---|---|
| Plaintiff, | UNITED STATES' MOTION FOR REDACTION OF SENTENCING TRANSCRIPT |
| vs. | |
| ANTONIO CARDENAS, | |
| Defendant. | Judge Clark Waddoups |

The United States of America, by its attorneys, John W. Huber, United States Attorney, and Carol A. Dain, Assistant United States Attorney, moves for an order directing the Clerk of the Court to make publically available a redacted only version of the sentencing transcript.  In support of its motion, the government states as follows:

### I.  Background

Defendant was arrested on a Complaint and Indicted on November 04, 2009 by a federal grand jury for crimes related to the sexual exploitation of children.  Ultimately, defendant pled guilty and was sentenced to 420 months imprisonment on June 18, 2012.  During the sentencing hearing references were made to the victims in the case.  Due to a recent request and in order to

protect the victims' privacy and avoid subjecting the victims to unnecessary embarrassment or emotional and/or psychological harm, the government seeks an Order to protect the identity of the victims by redacting the victims' identifying information from the transcript.  The list of requested redactions is attached hereto as "Attachment "A"".

## II. **Argument**

Under the Crime Victims' Rights Act of Act of 2004, a crime victim has "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).  If no protective measures are taken, and the victims' identity is disclosed, the victims will likely be subject to inquiries and scrutiny from the press, their classmates, and members of the community.  Disclosure of victims' identity will thus likely harm the victims' well-being. This restriction serves a compelling interest in "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S. Ct. 2613 (1982).  Redacting the identifying victims' information serves the dual purpose of balancing the victims' right to privacy and recognizing the public's right of access to most criminal proceedings.  *See generally*, *United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir.1997). Furthermore, redaction of the victims' identifying information will not prejudice the defendant in any significant way as he is aware of the identity of the victims.  When the interest in protecting the dignity of the victims is contrasted with the right of public access to transcripts, the balance clearly falls in favor of providing public access to a redacted version of the sentencing hearing.

//
//
//
//

**III.     Conclusion**

The government respectfully requests the Court order the Clerk of the Court to make publically available a redacted version of defendant's sentencing transcript, and that the Clerk of the Court seal the unredacted sentencing transcript.

DATED this 12th day of September, 2017.

JOHN W. HUBER
United States Attorney

 /s/Carol A. Dain
CAROL A. DAIN
Assistant United States Attorney